UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:  MATTHEW C. DELICATE,<br><br>Debtor | Case No. 12-37209<br><br>Chapter 7 |
| SUNTRUST MORTGAGE, INC.,          )<br>                                                             )<br>                         Movant,              )<br>                                                             )<br>v.                                                         )<br>                                                             )<br>MATTHEW C. DELICATE, Debtor  )<br>and                                                    )<br>SHERMAN B. LUBMAN, Trustee,  )<br>                                                             )<br>                        Respondents.         )<br>_____) | |

## MEMORANDUM OPINION

On December 21, 2012, Matthew C. Delicate (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In the schedules annexed to the voluntary petition, the Debtor listed an ownership interest in certain real property located at 5420 Pleasant Grove Lane, Midlothian, Virginia 23112 (the "Property"), which was encumbered by a Deed of Trust held by SunTrust Mortgage, Inc., (the "Movant" or "SunTrust"). The Property is subject to periodic dues assessed against homeowners by the Woodlake Community Association. The Debtor's statement of intention, filed with the voluntary petition pursuant to 11 U.S.C. § 521(a)(2)(A), provided that the Debtor intended to surrender the Property. On January 29, 2013, the Chapter 7 Trustee filed a report of no distribution.

On February 19, 2013, SunTrust filed a Motion for Relief from Stay as to the Property. The Property is more particularly described as follows:

> ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING, LYING AND BEING IN THE COUNTY OF CHESTERFIELD, VIRGINIA, SHOWN AND DESIGNATED AS LOT 4 ON SUBDIVISION PLAT OF PLEASANT GROVE, RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT, CHESTERFIELD COUNTY, VIRGINIA IN PLAT BOOK 57, PAGES 14 AND 15, TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY.

According to SunTrust's Motion for Relief from Stay, the Property is encumbered by a Deed of Trust dated November 18, 2009, which was recorded in the appropriate land records. The Deed of Trust secures a promissory note (the "Note") held by the Movant in the original principal amount of $152,167.00. In the Motion for Relief from Stay, the Movant further alleged that the Debtor is due and owing for the March 1, 2012, payment and all payments thereafter, and that the amount due under the Note is approximately $158,321.82, exclusive of per diem interest, costs, and certain other advances.

The Court conducted a preliminary hearing on the Motion for Relief from Stay on March 13, 2013. The Debtor appeared by counsel at the hearing and advised the Court that he did not oppose the relief sought by the Motion for Relief from Stay, but requested that the order granting relief contain an additional provision, which would require the Movant to foreclose on the property within six months or to have the real property removed from the Debtor's name through a Deed in Lieu of Foreclosure. The Debtor seeks the additional provision in the order to avoid any future obligation to pay taxes, maintenance, and homeowner's association dues. The Court indicated that it would grant the Movant's request for relief from stay, but allowed the parties to brief the issue whether the Court should require the Movant to exercise its state law rights to foreclose with some specified time period. The Debtor filed its brief on March 27, 2013. The Movant filed its brief in response on April 3, 2013. That same day, the Debtor received his discharge.

The automatic stay, protecting property of the estate, the debtor, and the property of the debtor from certain, enumerated actions, comes into effect upon the filing of a petition under the Bankruptcy Code. 11 U.S.C. § 362(a). The automatic stay is not perpetual:

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
   (A) the time the case is closed;
   (B) the time the case is dismissed; or
   (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

*Id.* § 362(c). Property of the estate "ceases to be property of the estate if abandoned by the trustee." *In re Ponce*, No. 06-11319-RGM, 2006 Bankr. LEXIS 3402, at *3 (Bankr. E.D. Va. Dec. 5, 2006) (citing 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007(a)). By filing a report of no distribution on January 29, 2013, the Chapter 7 Trustee abandoned all of the assets in this case including the Property. Thus, as of January 29, 2013, the Property was no longer property of the estate.

The stay, nevertheless, continued in effect as to the Debtor and the Debtor's property. That stay expired in this chapter 7 case at "the time [the] discharge [was] granted or denied." § 362(c). As the Debtor received his discharge on April 3, 2013, the automatic stay is no longer in effect. In consideration whereof, it is

**ORDERED** that the Motion for Relief from Stay is **MOOT**.

ENTERED:  April 5, 2013                    /s/ Kevin R. Huennekens
                                           UNITED STATES BANKRUPTCY JUDGE